THOMAS G. STICKNEY *versus* CITY OF BANGOR.

If the assessors of a town, through an error in judgment, make upon one of the inhabitants, an over-valuation of his property, and thereby assess him too much in the list of town taxes, or tax him for property not belonging to him, his remedy is not by an action at law, but by an appeal to the County Commissioners.

The right of action against a town, given by R. S. chap. 14, sect. 88, for the recovery of damages, occasioned by a mistake, error or omission of the assessors, does not extend to errors in judgment, made by them respecting the value of personal property, liable to be assessed.

ASSUMPSIT, to recover the sum of $74,80, paid by plaintiff, under protest, to discharge a tax assessed against him on a stock of goods in a store occupied by him in Bangor.

The case came before the Court, upon a statement of facts. A house in Boston agreed with the plaintiff, an inhabitant of Bangor, to consign goods to him at a fixed price, for sale. Whatever amount he could obtain for the goods, above that price, was to be his.   He had the right to return any part of them, at his election, and was to pay weekly for those which he should sell.   Under that arrangement, goods were furnish-

ed, to the plaintiff. And the goods in his store on the first day of May, 1848, were assessed to him in the city taxes. At that time he had about $500 worth of goods belonging to himself, which were mixed with those consigned as aforesaid.

On the day after the time had expired, in which the inhabitants were notified by the assessors, to bring in their lists of taxable property, the plaintiff filed in their office, a schedule of his property, embracing the $500 of goods, and at the same time, gave notice to them in writing, that the other goods in the store were consigned to him by the Boston firm as aforesaid.

This was before the assessors had taken any steps to make the taxes, except to receive the lists from the inhabitants, and the returns of deputy assessors, of taxable estates within their respective limits.

The plaintiff paid the amount assessed upon said 500 dollars worth of goods belonging to himself. The balance, $74,80, being the amount assessed upon the property consigned as aforesaid, he paid under protest.

Plaintiff was not a general commission merchant, but was a general dry goods dealer. He advertised and sold the goods as his own, and appeared to the world as doing business on his own account. This was with the assent of those who supplied him.

The Court were to render such judgment, on nonsuit or default, as the legal rights of the parties required, objection to the jurisdiction of the Court, being waived.

*A. W. Paine*, for plaintiff.

The only point presented by the agreed case seems to be, whether, as the laws stood on the first of May, 1848, goods consigned by persons out of the State, to persons within this State, for sale, were taxable here to the consignee ?

This depends upon the construction to be given to the " first" clause of the tenth section of the statute, of 1845, chap. 159, the provision of which is, that " *all goods * * * * in any city or town in this State, other than where the owners*

*reside, shall be taxed in such city or town, if the owners occupy any store therein."*

In the case at bar, the goods were avowedly the property of Beebe & Co. of Boston, and the plaintiff was merely their consignee.

It is very clear, therefore, that the case is not within the provision cited, for —

1st. This very clause provides for the assessment to be made to *the owner,* who in this case was Beebe & Co.

2d. The case contemplates the residence of *the party taxed* to be in a different town from that, in which the goods are sold. Here both are in Bangor.

3d. Beebe & Co., who were the *owners, did not occupy the store.* On the contrary, the case expressly finds that the occupancy of the store was in plaintiff.

The case at bar, then, is plainly not one of those contemplated by the Legislature, in adopting the clause under discussion.

The cases contemplated by the enactment in question, are those so frequently existing in such places as New York, Boston, Portland, Bangor and other large places, where persons doing all their business in such cities, have their residences in neighboring towns, beyond the limits of the incorporation, where their business is transacted. Every principle of justice requires, in such cases, the adoption of such a rule, as the one cited, imposed by our Legislature, and *no supposed* spirit of comity is opposed to it.

On the contrary, it is equally proper and just that, in cases of auctioneers and commission merchants, whose business it is merely to act, as it were, as agents in transferring property from one to another, should be exempt from the imposition of such a burden as that of being taxed for what they had on hand, at any one particular day in the year. With equal justice might the railroad or steamboat corporation, or the packet master, be taxable for the goods which they might respectively have in their custody, as common carriers, on the first day of May.

The statutes of our State and the practice of assessors every where, have accordingly passed by all such property, as not being proper subjects of taxation to the consignee.

All that can be said in reply to this view, would seem to be, that the plaintiff's case came a little nearer the line, where taxation should commence. Suffice it to say, in reply, that he *was a commission merchant*, and that the assessors' notion of what is right or fair, is not to govern a plain provision of the statute.

The case at bar is in fact provided for in the 9th section of the statute, the provision of which is, that " all personal property, whether within or without the State, shall, except in the cases enumerated in the following section, be assessed *to the owner* in the town where he shall be an inhabitant, on the first day of May, in each year." The only exception is the one already commented upon.

Here is a plain and express provision, settling the place of taxation, in such cases as the one at bar.

It is a principle every where recognized in discussions of this nature, that no person shall be liable to be taxed for the same property in two different towns for the same year. *Preston* v. *Boston*, 12 Pick. 7; *Richards* v. *Daggett*, 4 Mass. 538, *et passim*.

*Peters*, for defendants.

It is plain enough, from facts stated in this case, that whatever the *form* may be denominated, here was virtually a delivery and sale to Stickney, Beebe & Co. holding a lien for eventual security only. Stickney did all the business in his own name; at his own expense entirely, and at his own risk; received and disposed of the goods as any other trader would.

This sort of consignments, which is becoming so common, means only that the so called consignee is not in good credit; and a Boston merchant sells him goods, maintaining a lien upon title, so that other creditors cannot attach. The very least that can be made of these facts, is, that the goods in question were sold and delivered Stickney, to become his, when paid for; that is a conditional sale, the vendee maintain-

ing *possession and control*, and vendor living out of the State, they were sufficiently the property of Stickney, for the purposes of taxation. There is no pretence that these goods could have been taxed to Beebe & Co., and *that* the plaintiff in his argument shows. It is not necessary that a party should have such title to goods as to be indefeasible, in order to be taxed. The fact of intermixture of these goods with plaintiff's own goods, shows the object and extent of what they call a " consignment."

These goods were taxable to plaintiff, by virtue of section 12 of tax act of 1845, chap. 159. Stickney had possession of goods, the title of which was in pledge to Beebe & Co. for payment at *inventoried prices*. If it had been a naked assignment, why does Mr. Stickney have to pay Beebe & Co. certain particular prices, no matter what he may obtain for them on sale. It is a fiction of *fact*, without the use and the honesty of fictions of *law*.

Again, the remedy is misconceived. Plaintiff's goods and those called Beebe's were intermixed, and taxed in gross. Plaintiff chose to pay only a portion of that tax. If any thing was wrong, it is only that Stickney was overrated, and it would be a case of over-taxation. The remedy then should be by an appeal to the County Commissioners. *Holton* v. *Bangor*, 10 Shepl. 264.

" It makes no difference whether one is overrated by the assessors, by including in the valuation property of which he is not the owner, or that for which he is not liable to be taxed, his only remedy is by an application for an abatement pursuant to statute." *Osborn* v. *Inhabitants of Danvers*, 6 Pick. 98.

Such is a sensible construction of the statute. Its object is to make the Commissioners the tribunal of resort for prompt settlement of such differences. And the utility is as much in one kind of overrating as another. Here there was a liability to be taxed for something, and therefore, if any thing wrong, it was merely an overtax.

There is no claim in good conscience for plaintiff, to recover back, having paid what in justice he ought not to feel unwilling to pay. *Smith* v. *Readfield*, 27 Maine, 145.

*A. W. Paine*, in reply. Assuming that the tax was illegal, I contend that we are entitled to judgment.

1. On principles of common law. The money having been paid under protest, may be collected back under the count for money had and received. *Preston* v. *Boston*, 12 Pick. 7.

The cases, in which the party aggrieved is confined to his remedy of appeal to the County Commissioners, are those of over-valuation only, and do not embrace those cases where distinct and independent parcels of property are taxed to persons having no interest in them, as owners. Where, however, as in *Holton* v. *Bangor, the thing* taxed is one and entire, the question is strictly one of over-valuation.

The case cited by defendant from 6 Pick. 98, did not call for so broad a decision as that stated in the marginal note, and I trust our Court will be slow to affirm it. The same Court in the subsequent case of *Preston* v. *Boston*, 12 Pick. 7, have shown a desire to rid themselves of the case, though they have not directly overruled it. One more step will probably effect that. Were the question, there, now an open one, there can be little doubt the decision would be uniform with that of *Preston* v. *Boston.*

Where is there any distinction *in principle* between a tax assessed partly on real and partly on personal estate, and one assessed partly on one species of personal property and partly on another, or partly on one article, and partly on another and distinct article. There being no real difference *in principle,* there should be none *in law.*

2. But whatever may be the rights of the plaintiff, under the count for money had and received, we certainly have a right of action by virtue of the provisions of the 88th section, of the 14th chapter Rev. Stat. The taxing of the property in question to plaintiff, was a " mistake" or " error" of the assessors within the provisions of the section in question. If

so, then by virtue of the agreement of the parties, an action is maintainable, and judgment should be accordingly for plaintiff, on the count for damages under that section.

SHEPLEY, C. J.— The plaintiff claims to recover back a sum of money paid under protest, in part satisfaction of a tax assessed by the assessors of the city upon his personal property for the year 1848.

By the agreed statement it appears, that he was on the first day of May of that year an inhabitant of the city, transacting business there in a shop occupied by him. That a large portion of the goods in that shop, had been consigned to him for sale at fixed prices, by persons residing in Boston; that a smaller portion of them were owned by him; that the goods were mixed together, composing his stock in trade; and that he was assessed as the owner of the whole.

It does not appear, that the assessors had or could have any knowledge, that he was not the owner of the whole stock, until the day limited for presenting to the assessors lists of taxable property had expired, when they were notified, that he did not own more than to the value of about five hundred dollars. They were not bound to regard that statement as correct. He appeared to be in possession and to conduct as the owner, and they might regard the evidence, that he did not own the whole as unsatisfactory, and might believe, that he owned more of the goods, than he admitted to be his own. The city was entitled to have the questions, whether the whole ·or a greater portion, than was admitted to be his, was liable to be assessed, determined first by ·the assessors and finally by some competent tribunal. The statute has provided such a tribunal by an appeal from the judgment of the assessors to the court of the County Commissioners.

There may be many cases, in ·which assessors may judge, that a person is liable to be assessed for certain personal property, when upon a careful examination of the facts by a tribunal more competent or having greater power to ascertain the truth, it. may be determined, that he was not liable. If

in such cases, the persons assessed could neglect to place themselves in a position to obtain redress by an appeal to the County Commissioners, and could voluntarily pay such portion of their taxes, as they might think just, and pay the remainder under protest, and then maintain a suit at law to recover back the sum last paid, towns and cities might be subject to a great number of suits, and continue to be subject to them for a long time after those taxes had been paid.

If the plaintiff could maintain this action, he could deprive the assessors and the city of all power to have any final determination made, whether he stated correctly the amount of his personal property liable to assessment, until it had been decided in a suit commenced by himself at his own pleasure. If no agreed statement had been made, it is quite apparent, that the defendants would have been entitled to prove in this case, that the plaintiff was at the time the owner of personal property, liable to assessment, to a much greater amount than he admitted. And thus the question would have been directly presented on the trial of an action at law, whether he had been overrated; a trial not permitted by the statute, which provided a different remedy.

If, as contended, an appeal to the County Commissioners is not, and an action at law is the appropriate remedy, when one person, having in his possession as the apparent owner the property of another, is overrated, the result might be, that every person assessed, who at the time had a trifling amount of property owned by another in his possession, might maintain a suit to recover back the amount alleged to have been assessed on such property. Under such a system towns might be able to do little more, than to collect sufficient to make such repayments with the costs and expenses attending the litigation.

The plaintiff also claims to recover by virtue of the provisions contained in the statute, chap. 14, § 88, that no error, mistake or omission by the assessors shall render the assessment void ; and that the party injured may bring his action

against the town for any damages, he may have sustained by such error, mistake or omission.

' If such a construction were to be made as would authorize an action at law to be maintained against a town, whenever its assessors made an excessive assessment by including in the valuation personal property not liable to be assessed, the provisions of that statute, which require lists of assessment to be presented and which authorize and regulate the right of appeal, would be of little practical importance. A person liable to be assessed omits to present a list of his personal property, and the assessors place upon the valuation a certain amount of money at interest, for which he is assessed. If he can pay under protest the amount of the tax assessed on such money at interest, and recover it back of the town by proof, that he had no money at interest, on the ground of an error committed by the assessors, it would be very difficult to make a person, who neglected to present a list, pay more taxes for intangible personal property than he pleased.

It could not have been the intention to include in this section any error in judgment made by the assessors respecting the amount or value of personal property for which a person was liable to be assessed. The correction of such errors is to be obtained by an appeal to the County Commissioners.

*Plaintiff nonsuit.*