## JOHN GILPATRICK *vs.* INHABITANTS OF SACO.

By virtue of the Public Laws of 1865, c. 319, assessors are not concluded by lists made and returned in conformity with R. S. of 1857, c. 6, § 53, as amended by c. 318 of the Public Laws of 1862.

When a citizen of a town has been overrated by the assessors, either on an overvaluation, or property not owned by him, his only remedy is by an application for abatement in accordance with R. S. of 1857, c. 6, §§ 54 and 55.

ON REPORT.

ASSUMPSIT to recover taxes claimed to have been illegally assessed in 1866. The taxes were paid under protest.

The only questions raised and the material facts relating thereto, are sufficiently stated in the opinion.

*Chisholm*, for the plaintiff, contended,

That the cases referring to application for abatement were unlike the case at bar.

The act of 1865, c. 319, not designed to repeal R. S. c. 6, § 53, and act of 1862, c. 318, so far as they made the list " a rule " and to be " taken as true." It simply meant that if the assessors discovered that the tax-payer had other specific property not on the

list, and that his list was so far false, they might add such property specifically, and tax him for it.

" Other personal property, $15,000," is not " invoice " or " valuation " of property to be assessed. R. S. of 1857, c. 6, § 59.

It is not a case of overvaluation, but dooming, based upon nothing.

It is " error and mistake " of the assessors, and hence makes void the assessment; and plaintiff is entitled to remedy under R. S. of 1857, c. 6, § 98.

*E. B. Smith*, for the defendants.

APPLETON, C. J. By R. S. of 1857, c. 6, § 51, the assessors are to notify the inhabitants " to bring in to them true and perfect lists of their polls, and all their estates, real and personal, not by law exempt from attachment," &c.

By § 53, " the assessors, or either of them, may require the person presenting such list to make oath to its truth . . . and such list, being exhibited on oath, shall be the rule for that person's proportion of tax."

By chapter 138, § 1, approved March 19, 1862, the 53d section of c. 6 is so far modified " that such lists being exhibited on oath shall be taken as true," unless the person exhibiting it " shall refuse to answer all proper inquiries in relation to the nature and situation of his property, and, if required, subscribe and make oath to the same," &c.

By c. 319, approved Feb. 24, 1865, it is enacted that the rule prescribed by R. S. c. 6, § 53, and c. 138 of the Public Laws of 1862, " shall not be construed as a conclusive rule and limitation upon the assessors in making the assessment." It follows, therefore, that the rule prescribed by c. 6, § 53, is thereafter not to be conclusive, and that the oath is not to be taken as conclusively true, and a limitation upon all further inquiries, though the person exhibiting his list and swearing thereto, may bring himself within the provision of c. 138 of the Public Laws of 1862. It would seem, therefore, that the assessors would be at liberty to assess property not included

Gilpatrick *v.* Inhabitants of Saco.

in the lists sworn to, but of which the person exhibiting the list might be the owner.

The plaintiff is an inhabitant of Saco. The assessors, therefore, had jurisdiction to assess his real and personal estate.

The plaintiff gave in his list of real and personal property, with his estimate of its value, all duly sworn to. No objection is taken to the taxes on the real estate, nor on specific articles of personal property.

After specifying his real and personal estate, the plaintiff further adds : " ten shares Washington Mills, par value one hundred dollars."

" Fancy stocks, with no par value or any other, except the selling price, worth April 1 fourteen hundred and twenty-five dollars."

" Stocks, money, and debts, not included above, four thousand and seventy-five dollars."

The valuation and invoice of the assessors embraces the plaintiff's real estate and specific articles of personal property, and then adds, " other personal property, $15,000." It is to the assessment upon this personal property thus described, that exceptions are taken.

The plaintiff's list, as presented, was vague and indefinite. Fancy stocks, stocks, money, and debts are but an uncertain description of property. What are fancy stocks ? What were the stocks ? What the amount of money and of debts ? Here is no information whatever, as to what property is thus disclosed to the assessors for assessment. The vagueness of the invoice and valuation only corresponds to that of the list as exhibited by the plaintiff, and gives him no ground of complaint. Is such a list as the plaintiff exhibited a true and perfect one ?

The tax upon " other personal property, $15,000," includes the tax upon " fancy stocks, stocks, money, and debts." The valuation made by the plaintiff was not binding upon the assessors. The assessment, as made, may have been only upon the articles last mentioned in the plaintiff's list, or upon those and other articles, not included in his list, and not owned by him. In either event,

whether there was an overvaluation or an assessment upon property not owned by him, the plaintiff's remedy was by application to the assessors, and if they refused redress, by appeal to the county commissioners as provided by §§ 54, 55.

In *Stickney* v. *Bangor*, 30 Maine, 404, it was held, that if the assessors of a town, through an error in judgment, make upon one of the inhabitants an overvaluation of his property, and thereby assess him too much in the town list of taxes, or tax him for property not belonging to him, his remedy is not by an action at law, but by an appeal to the county commissioners. In *Hemingway* v. *Machias*, 33 Maine, 445, the plaintiff was taxed for property not belonging to him. The court held, that his only remedy was by appeal to the county commissioners, upon a refusal of the assessors to make the proper abatement.

The same principles have been adopted in Massachusetts under statutes similar to those of this State. In *Osborn* v. *Danvers*, 6 Pick, 98, the plaintiff, as in this case, exhibited a list of his estate, to which the assessors added the sum of eighteen thousand dollars. He paid his tax and brought an action of assumpsit to recover back the sum thus paid, but the action was not sustained. Whether the excess is caused by including in the valuation property of which the person taxed is not the owner, or that for which he is not liable to be taxed, or by an overvaluation of property taxable, the court decided that only remedy was by an application for an abatement pursuant to the statute. In *Howe* v. *Boston*, 7 Cush. 274, the same principle was affirmed. In *Lincoln* v. *Worcester*, 8 Cush. 57, the assessment was on " personal, bank, railroad, and other stocks, $117,000." In delivering the opinion of the court, Shaw, C. J., says : " We are not aware that any decided case has given sanction to the principle, that assumpsit against the town or city will lie to recover back money on the ground of any irregularity, error, or mistake, in fact or in law, in the mode of making the assessment. On the contrary, we think it is now definitely settled by a series of decisions, that in such case, the party's only remedy is by application to the assessors for abatement. If the party obtain no satisfac-

tory relief there, he may complain to the county commissioners for a revision." So where one being assessed for property lying in another town pays the tax under protest, he cannot recover it back from the town. His only remedy is by an application for abatement. *Salmond* v. *Hanover*, 13 Allen, 119.

*Plaintiff non-suit.*

CUTTING, WALTON, DICKERSON, BARROWS, and DANFORTH, JJ. concurred.