INHABITANTS OF BOOTHBAY *vs.* HENRY W. RACE.

Cumberland.    Decided July 1, 1878.

*Tax.    Condition precedent.    Town.    Action.*

68   351
92   530

68   351
d106   236

Since the passage of the statute, R. S. of 1841, c. 14, § 88, defining the remedy for a party illegally assessed, which is now embodied in R. S. of 1871, c. 6, § 114, the requirement in R. S., c. 6, § 65 that the assessors shall give notice to the inhabitants of a town to bring in their lists of taxable property before proceeding to make an assessment, is no longer a condition precedent to a valid assessment.

An action may be maintained by a town against a tax payer to recover the amount of his tax without proof that this direction with regard to the proceedings of the assessors has been complied with.

ON EXCEPTIONS AND MOTIONS, from the superior court.

DEBT, brought under c. 232, of the public laws of 1874, to recover a tax assessed on personal property of the defendant for the year 1875.

The plea was *nil debet*, with a brief statement that the defendant was not, on the first day of April, 1875, an inhabitant of the town and liable to taxation therein ; and that the tax was not legally assessed.

The presiding judge, among other things, instructed the jury as follows :

" Then it is further alleged that it does not appear by the evidence in the case that the assessors complied with the requirements of the 65th section of chapter 6 of the Revised Statutes."

" The following section provides that, 'If any person after

such notice does not bring in such lists, he shall be thereby barred,' &c.

" For the purposes of this case I shall rule that that section contains merely a direction to the assessors,—is what we call directory—and a failure to comply with it on the part of the assessors would not *invalidate the tax.* The law makes it the duty of the assessors to give that notice, but it does not provide that if the assessors fail to give such notice the tax subsequently assessed shall be illegal or void. It only provides, in my judgment, and that is the only effect of it, that if the assessors fail to give the notice, persons who fail to bring in their lists would still have a right to appeal to the county commissioners; whereas, if the assessors gave the notice, then the person who did not bring in a list would have no right to appeal to the commissioners, unless he showed that he was unable to bring in the list."

The verdict was for the plaintiffs for $152.45 ; and the defendant alleged exceptions.

*P. J. Larrabee,* for the defendant, contended that the provisions of R. S., c. 6, § 65, were imperative; that they were conditions precedent, and if not complied with, the tax is invalid.

*M. P. Frank,* for the plaintiffs, contended that the provisions of § 65, were directory merely, and not conditions precedent necessary to the validity of the tax.

BARROWS, J. There is no occasion to set aside the verdict as being against law or evidence. The testimony and admissions cover all the points which the plaintiffs were obliged to establish, and while the testimony offered in defense conflicted with it as to some matters, it is by no means apparent that the jury erred in estimating its weight, or that they failed to draw correct conclusions from the facts proved. The verdict should stand, unless one of the instructions given by the judge withdrew from the jury a question which they ought to have determined.

It seems the defendant contended that it did not appear by the evidence that the assessors complied with the requirements of R. S., c. 6, § 65. The section runs thus: " Before making any assess-

ment, the assessors shall give seasonable notice in writing to the inhabitants, by posting up notifications in some public place in the town, or notify them, in such other way as the town at its annual meeting directs, to make and bring in to them true and perfect lists of their polls and all their estates real and personal not by law exempt from taxation which they were possessed of on the first day of April in the same year."

The next section is as follows : " If any person after such notice does not bring in such lists, he shall be thereby barred of his right to make application to the county commissioners for any abatement of his taxes, unless he makes it appear to them that he was unable to offer such list at the time appointed."

The instruction excepted to was as follows: "For the purposes of this case, I shall rule that that section contains merely a direction to the assessors,—is what we call directory—and a failure to comply with it on the part of the assessors would not invalidate the tax. The law makes it the duty of the assessors to give that notice, but it does not provide that if the assessors fail to give such notice the tax subsequently assessed shall be illegal and void. It only provides that, if the assessors fail to give the notice, persons who fail to bring in their list would still have a right to appeal to the county commissioners; whereas if the assessors gave the notice then the person who did not bring in a list would have no right to appeal to the commissioners unless he showed that he was unable to bring in the list."

The effect of the instruction doubtless was that the jury did not feel called upon to determine from the evidence whether the assessors gave the notice required in § 65, understanding that such notice was not essential to the validity of the assessment or the plaintiff's right to recover. The question is whether such notice is a condition precedent to a valid assessment. If it is, no action can be maintained for the recovery of the tax without proof sufficient to satisfy the jury that it was given.

If the two sections we have quoted were the only provisions in the tax act bearing on the question it would not be free from difficulty, but we should strongly incline to construe language so peremptory as that of § 65 as creating a condition precedent.

Touching the discrimination between simple directions and conditions precedent in this matter, Shaw, C. J., says : " One rule is very plain and well settled, that all those measures which are intended for the security of the citizen, for insuring an equality of taxation, and to enable every one to know with reasonable certainty for wh at he is taxed and for what all those who are liable with him are taxed, are conditions precedent, and if they are not observed he is not legally taxed. *Torrey* v. *Millbury*, 21 Pick. 64, 67.

Another general rule is thus stated in Dwarris on Statutes, (Eng. ed.) 611 : " Negative words will make a statute imperative ; and it is apprehended affirmative may if they are absolute, explicit and peremptory, and show that no direction is intended to be given ; and especially so where jurisdiction is conferred." Another rule of practical value is, that where the clause relates to circumstances which do not affect the essence of the thing to be done, it may be regarded as directory. Does the giving or failing to give this notice affect in any essential particular the rights of the tax paying citizen ? Prior to the enactment of c. 319, Laws of 1865, the list which the tax payer might bring in in compliance with the assessors' notice was, if he exhibited it on oath and answered all proper questions which the assessors might require him to answer on oath, a rule for his proportion of the tax, conclusive upon the assessors as to the amount of his taxable property. While the law stood thus it could hardly be doubted that it was one of the substantial rights of the tax payer, to avoid all danger of being doomed and overtaxed and put to expense in some form, to set it right, by presenting his list to the assessors before the tax was assessed ; and that, if there was no other provision in the tax act to control it, that which required the assessors to give him notice and opportunity to do this was an essential prerequisite to a valid assessment.

Accordingly in *Mussey* v. *White*, 3 Maine, 290, where one of the objections to the validity of the assessment was that this notice was not given to the tax payer, the court sustained the proceedings of the assessors, apparently only for the reason that " the plaintiff by his own act of artifice and evasion rendered it impossible for them to give him the usual notice." It is fairly to be

inferred from the reasoning of the court that except for the principle that no man shall take advantage of his own wrong, the objection would have been regarded as fatal. But since the passage of c. 319, Laws of 1865, the list is not °conclusive, but the assessors may proceed upon such information as they deem satisfactory without regard to the tax payer's oath.

Was the conclusive character of the list the only thing which made the notice essential to the preservation of the tax payer's rights?

The objects, requisites and effects of these lists have all been discussed at large in Massachusetts, where the statute provisions were substantially similar, in *Newburyport* v. *Co. Com'rs*, 12 Met. 211; *Winnisimmet Co.* v. *Assessors of Chelsea*, 6 Cush. 477; and *Porter* v. *Co. Com'rs*, 5 Gray, 365; and various dicta in these cases indicate the opinion of the court that they were designed to subserve purposes important not only to the person returning such list, but to all other tax payers interested. See also *Granger* v. *Parsons*, 2 Pick. 392. *City of Lowell* v. *Wentworth*, 6 Cush. 221.

We do not see how it can be conclusively presumed that the giving of the notice which the legislature required in such positive terms would be completely nugatory in evoking information, as to taxable property, which the assessors could get in no other way, or that the oath of the tax payer would not affect the judgment of the assessors so as to relieve him from the necessary expense attending an application to the county commissioners for an abatement; and the existence of such contingencies might fairly be said to bring the matter within the rule laid down by Shaw, C. J., in *Torrey* v. *Millbury*, above cited.

Yet he speaks in the same case (21 Pick. p. 67) of " many regulations made by statute, designed for the information of assessors and officers, and intended to promote method, system and uniformity in the modes of proceeding, the compliance or non-compliance with which does in no respect affect the rights of tax paying citizens. These may be considered directory; officers may be liable to legal animadversion, perhaps to punishment for not observing them; but yet their observance is not a condition precedent

to the validity of the tax." Doubtless citizens who knew the law (and all are presumed to know it), by watchfulness and diligence, might present their lists seasonably to the assessors of their town when such notice hàd not been given with the same effect as if it had been.

In *Winnisimmet Co.* v. *Assessors of Chelsea*, 6 Cush. 477, 484, in the absence of proof whether the notice was given or not, the court held it unnecessary to decide whether such omission on the part of the assessors would excuse tax payers for not carrying in their lists so far as to constitute the " good cause " for not pre- . senting them which would enable them to sustain appeals to the county commissioners for abatement; and they dismissed the tax payers' appeal, while they declared emphatically that the assessors had no right to waive the list, because the town and all tax payers have an interest in it.

But it is needless to pursue this discussion. The only excuse for entering upon it at all is to call attention to a matter too often overlooked; and that is the change in legal doctrines, decisions of the court upon the construction of statutes, and the force and effect of the statutes themselves (even where no change has been made in the terms of the section to be construed), which is made . necessary by the introduction of some new provision. We have adverted to considerations which would have compelled us, if the tax act stood now as it did at the time of the decision in *Mussey* v. *White*, above cited, or if sections 65 and 66 of chap. 6 R. S. were to be construed by themselves, to declare that the require- ment of notice in § 65 was mandatory and a condition precedent to a valid assessment.

But all the existing provisions of the act are to be construed together, so as to give their proper force and effect to each.

We must not overlook the emphatic and decisive provisions of § 114, which shows conclusively the legislative intention that no error, mistake or omission of the assessors or other officers shall render an assessment void, and remits the tax payer for the pres- ervation of his rights to a suit against the town to recover " any damages he has sustained by reason of the mistakes, errors or omissions of such officers."

In fine, since the enactment of § 88, c. 14, R. S. of 1841, defining the "remedy for a party illegally assessed," the declared policy of the law has been to insure the collection of the tax and require the tax payer to show it if he has actually suffered any damage by reason of any failure of the assessors to regard the directions given as to the manner of the assessment. Sections 162 and 163 tend to the same end.

"Pay your tax," the legislature say to the tax payer, "and then, if you have suffered any actual damage by any illegality in the proceedings of the assessors, or any failure on their part to observe the requirements of the law as to the mode of the assessment, you may recover such damage."

But, clearly, under § 114, no error, mistake or omission by the assessors shall render the assessment void if any part of the money is legally raised. Sections 64–66, 114, 162 and 163 must be taken together when the question is whether an assessment is valid or void.

The defendant has no good ground to complain of the instruction that the law "does not provide that if the assessors fail to give such notice the tax subsequently assessed shall be illegal and void."

Section 114 must be regarded as a distinct and emphatic provision to the contrary. It follows that the other instruction, that a failure on the part of the assessors to comply with the direction would not invalidate the tax, was correct. If the defendant had suffered any damage by the omission of the assessors he might have his action, and the burden would be upon him to show it. But it was expressly admitted by defendant at the trial that if plaintiffs were entitled to recover anything they were entitled to the full amount claimed, and the defendant's own testimony indicates that he was actually taxed for a sum less than he would have been had he received the notice and carried in his list. The real controversy was whether defendant was an inhabitant of the town and liable to taxation there at all. This the jury have settled against him, and he must abide the result.

*Motion and exceptions overruled.*

APPLETON, C. J., WALTON, VIRGIN, PETERS and LIBBEY, JJ., concurred.