## HARLOW H. ROGERS vs. CITY OF LYNN.

Essex.    November 4, 1908. — January 5, 1909.

Present : KNOWLTON, C. J., MORTON, HAMMOND, SHELDON, & RUGG, JJ.

Tax, Redemption, Sale, Payment. *Statute.*    *Contract,* Implied in law.    *Words,* " Owner."

One who purchased real estate at a sale under St. 1888, c. 390, § 40, now R. L. c. 13, § 41, for the collection of a tax due to a city, thus became an " owner " of the real estate and entitled under St. 1888, c. 390, § 57, now R. L. c. 13, § 58, to redeem it from taxes assessed in years previous to the time when he became such purchaser, at sales for the collection of which the city, under St. 1888, c. 390, § 48, had become the purchaser.

One who, after having become the purchaser of certain real estate from a city at a

sale under St. 1888, c. 390, § 40, for the collection of taxes for 1898, pays to the city an amount due for taxes assessed upon the same real estate for several years previous to 1898 and for other charges accruing to the city because of sales for the collection of such prior taxes, at which the city had become the purchaser under St. 1888, c. 390, § 48, and receives from the city without any sale under St. 1888, c. 390, § 66, a deed purporting to convey to him all the right, title and interest which the city had received as purchaser under the prior sales, cannot recover from the city the money so paid on the ground that there was a failure of the consideration for which it was paid, since by the making of such payment he was benefited by having the premises released from the liens which the city had thereon to secure the payment of the prior taxes.

CONTRACT against the city of Lynn to recover certain sums paid to the defendant for deeds of two parcels of land held by it as purchaser at sales of the premises under St. 1888, c. 390, § 48, for the collection of taxes. Writ in the Superior Court for the county of Essex dated November 9, 1904.

The case was heard by *Fessenden,* J., upon an agreed statement of facts. The following of the facts agreed upon are material:

In 1896, 1897, 1898 and 1899 the defendant, under St. 1888, c. 390, § 48, became the purchaser in the name of its collector at properly conducted sales of real estate of one Elliott to collect taxes assessed for each of the years, 1894 to 1897, inclusive. In September, 1900, the plaintiff became a purchaser at a sale conducted by the collector of the defendant for taxes for 1898, and received and recorded a properly executed tax deed. In October, 1900, the plaintiff received and recorded a deed without covenants, signed, sealed, executed and delivered in behalf of the defendant by its mayor, and purporting to convey to the plaintiff all the right, title and interest which the defendant had acquired under the four tax deeds preceding the plaintiff's. For this latter deed the plaintiff paid " to the defendant and the defendant appropriated to its own use " $176.84, " which was the amount due " the defendant " under the four prior tax sales."

Similarly, the defendant sold to the plaintiff in 1901 real estate of one Walker at a tax sale for the collection of taxes for 1899, and in the same year gave to him a release deed without covenants, signed, sealed, executed and delivered in the name and in behalf of the defendant by its mayor and purporting to convey to the plaintiff all right, title and interest acquired by the defendant under previous tax sales of the same premises at

which it had become the purchaser under St. 1888, c. 390, § 48. For the last named deed the plaintiff paid " to the defendant" and the defendant appropriated to its own use $862.51, " which was the amount due the city . . . under the said four tax sales."

There had been no sale of either the Elliott or the Walker property under St. 1888, c. 390, § 66, before the purported conveyance by the defendant of its right, title and interest gained as a purchaser at the previous tax sales.

The plaintiff sought to recover the sums of $176.84 and $862.51, paid for the " release deeds " of the city to him, contending that such deeds were valueless.

The presiding judge found for the defendant and the plaintiff appealed.

The case was submitted on briefs.

*N. D. A. Clarke*, for the plaintiff.

*A. G. Wadleigh*, for the defendant.

MORTON, J.    In each instance before he paid the taxes which he now sues to recover back, the plaintiff had become the purchaser at a tax sale of the premises on which the taxes that he paid had been assessed, and had received from the collector deeds in proper form duly acknowledged which he had caused to be regularly recorded.   In other words, by virtue of the tax deeds he had become the owner of the two parcels subject only to the liens which the defendant had for prior taxes, and to the right of the former owner to redeem. *Butler* v. *Stark*, 139 Mass. 19.   *O'Day* v. *Bowker*, 143 Mass. 59, 62.   *Perry* v. *Lancy*, 179 Mass. 183.   As such owner we think that he was entitled to redeem the premises by the payment of the prior taxes to which they were still subject in the defendant's favor.   The language of the statute is broad enough to include any kind of ownership and has been, in effect, so construed.  *Hillis* v. *O'Keefe*, 189 Mass. 139.   In order to redeem, the person seeking to redeem must be the owner, but we see no reason for limiting the right of redemption, as between one who seeks to redeem and the city, to the person who was the owner at the time when the tax, from which redemption is sought, was assessed.   It has been distinctly held that the right of a mortgagee to redeem is not limited to one who was such at the time when the tax was assessed. *Barry* v. *Lancy*, 179 Mass. 112, and cases cited.   The

plaintiff could not have redeemed from the taxes for which the parcels were sold to him because he was not then, in any sense, an owner. Neither, for the same reason, could he have redeemed at the time when the premises were sold for the prior taxes. But, when he became an owner by purchase at the tax sale, we do not see why the rights of redemption from prior taxes did not attach, by virtue of the statute, to his ownership, as well as to that of one who was an owner when the taxes were assessed.

But, however that may be, and whether he was an owner or not within the strict meaning of the statute, the transaction between the plaintiff and the defendant must be regarded as operating as a payment of the prior taxes, even though the parties may have supposed that it was a purchase by or assignment to the plaintiff for a consideration equal to the prior taxes of any right or interest which the city had in the premises, and may have intended that it should have that effect. Whether the parties intended it or not, the receipt of the prior taxes by the defendant released the premises from the liens which it had thereon to secure their payment and therefore operated as a payment of such taxes. To that extent, whatever the exact nature of the plaintiff's interest in the property conveyed to him, he was benefited by the release which he received, and the case is not, therefore, one of a total failure of title or of consideration.

*Judgment affirmed.*