HARLOW H. ROGERS *vs.* JOSEPHINE T. FRENCH, administratrix.

Suffolk.    March 3, 1913. — May 19, 1913.

Present: RUGG, C. J., MORTON, HAMMOND, SHELDON, & DE COURCY, JJ.

*Practice, Civil,* Exceptions.  *Municipal Corporations,* Officers and agents.  *Tax,* Collector of taxes.

In an action against the collector of taxes of the city of Lynn upon an alleged promise of the defendant to repay to the plaintiff sums of money, which were paid by the plaintiff for certain tax titles held by the city of Lynn and released to him by the defendant as collector, upon a reconveyance by the plaintiff to the city of such tax titles, it appeared that the only promise made by the defendant to the plaintiff was conditional upon the invalidity of the releases given by the city to the plaintiff, and that, after such conditional promise was made, such releases were held by this court to be valid by the decision in *Rogers* v. *Lynn,* 200 Mass. 354. The judge refused to give certain instructions requested by the plaintiff which omitted all reference to the assumption of the invalidity of the releases on which the alleged promise of the defendant was based. *Held,* that the refusal of the judge was right.

MORTON, J.  The defendant's intestate, whom we shall speak of hereafter as the defendant, was the tax collector of the city of Lynn.  As such he sold to the plaintiff for non-payment of taxes several parcels of land to which the city had other tax titles by reason of previous takings.  The plaintiff paid to the defendant the amount of money necessary to obtain releases from these previous tax titles, and they were released to him and the amount

of money received by the defendant therefor was paid into the city treasury by him. Subsequently the plaintiff claimed that the releases were void for the reason that there had been no sale at auction of the title acquired by the city by the previous takings, and brought an action against the city to recover back the money paid for the releases. That action was decided against him. See *Rogers* v. *Lynn,* 200 Mass. 354. Thereupon he brought this action against the defendant alleging that he had promised to return the money paid by the plaintiff to the city for a release of the prior tax titles if the plaintiff would reconvey to the city the title acquired by said releases, and alleging a further promise both oral and in writing to repay the money if the plaintiff would send him a statement of the amounts which the plaintiff had paid for the releases. The defendant died before the trial. The declaration was in three counts. The presiding judge * ordered a verdict for the defendant on the first and third counts, and left the case to the jury on the second. The defendant contended that any promise or agreement that was made by him was made in his representative capacity as city collector, and not personally, and that the releases to the plaintiff of the previous tax titles held by the city were valid. The judge submitted two questions to the jury: First, was such an agreement made as was alleged by the plaintiff in said second count? Second, if such an agreement was made, was it understood by both parties to have been made by the defendant personally or in his capacity as collector of taxes? The jury answered the first question "Yes," and the second question "As collector of taxes of the city of Lynn," and returned a verdict for the defendant. The plaintiff filed a motion to have the verdict set aside. The judge denied the motion. The case is here on exceptions by the plaintiff to the refusal of the judge to give the jury certain instructions that were requested, and to certain instructions that were given, and to the refusal of the judge to make certain rulings that were requested at the hearing on the motion to have the verdict set aside.

We see nothing in the conduct of the trial or at the hearing on the motion to set aside the verdict which requires that the exceptions should be sustained.

---

* *Hitchcock,* J.

The first and third counts were based, as we understand the plaintiff in effect to concede, on the claim made by him that the releases from the city of Lynn to him were void and of no effect, and that the defendant promised that if they were the money should be returned to him. The short answer to the claim thus made is that the releases were not void but were held in *Rogers* v. *Lynn,* 200 Mass. 354, to be valid. Apparently this was the ground on which the judge directed a verdict for the defendant on these two counts, since he ruled and instructed the jury that the sale of the previous tax liens to the plaintiff by the city was legal. The request made by the defendant of the plaintiff to send him a statement of the tax deeds with interest to June 10 and he would "as at present advised" send him a check on that date was a part of the undertaking to return the money if the releases were void. It was moreover conditioned on his continuing to be "as at present advised," and he did not continue to be as at present advised, as the uncontradicted evidence showed.

In regard to the second count the judge instructed the jury, as requested by the plaintiff, that the addition of the word "collector" to the defendant's signature would not prevent him from being personally liable. In addition to other instructions he also instructed them in substance that the defendant could make contracts that would bind himself personally when it was the intention of the parties that the agreement should bind him, and that if when the agreement in this case was made the parties intended that the defendant should be bound, then the defendant would be liable; but that if it was made with the defendant as collector of taxes for the city of Lynn and it was within the contemplation of both parties that the money should be paid by the city of Lynn, then the defendant would not be liable. As applied to the case before the jury these instructions were correct. The instructions requested by the plaintiff omitted any and all reference to the assumption in regard to the illegality of the releases upon which the alleged promise of the defendant was based and were therefore rightly refused.

The rulings requested in regard to the motion to set aside the verdict were properly refused, and the motion was properly denied. There was nothing in the answers of the jury to the questions propounded to them inconsistent with their verdict

or which required as matter of law, that the verdict should be set aside.

*Exceptions overruled.*

The case was submitted on briefs.

*N. D. A. Clarke,* for the plaintiff.

*A. G. Wadleigh & F. E. Shaw,* for the defendant.