JOHN C. TIBBETTS, et als. *vs.* SAMUEL M. HOLWAY, et al.

Washington.    Opinion March 27, 1920.

*Mixed action.    Record title.    Title by adverse possession under R. S., Chap. 110,*
*Sec. 18.    What constitutes "recorded deeds" within the purview of the statute.*
*Color of title.*

Action to recover a tract of uncultivated land in the town of Wesley.

The plaintiffs have the better record title.    The defendants claim title by posses-
sion under R. S., Chap. 110, Sec. 18.

It is in effect conceded that for more than twenty years the defendant maintained
such occupancy of the lands as the statute requires and paid all taxes assessed
thereon.

The question at issue is whether the defendant during such period claimed the
lands under recorded deeds.

The defendant's claim has been under the following instruments recorded more
than twenty years before the beginning of the action.    (1)    Tax deed from
treasurer to Town of Wesley (admittedly invalid as a conveyance).    (2)    Release
of right, title and interest Town of Wesley to J. I.    (3)    Similar release J. I. to
defendants.    No question is raised as to the sufficiency of description.

*Held:*

That the instruments above described are "recorded deeds" within the purview
of the statute.

The presiding Justice having so ruled and the case brought to this court on the
plaintiffs exceptions, the entry must be, exceptions overruled.

A mixed action to recover a tract of uncultivated land in the town
of Wesley, containing approximately eight hundred acres, and also to
recover for value of the trees and timber cut and removed from said
tract by the defendants.    Plea, the general issue, with a brief state-
ment claiming title by adverse possession under R. S., Chap. 110,
Sec.    18.    Plaintiffs claimed title as heirs at law of Otis S. Tibbetts,
their father, who, it is admitted by the parties to the action, was
seized in fee simple of the demanded premises in 1864, and died
intestate on June 28, 1879, without having given any deed of said
real estate.    The cause was heard by the presiding Justice without a
jury upon agreed facts, no evidence having been introduced.    The
question at issue was as to whether the defendants during the period

of their occupancy claimed said real estate under "recorded deeds" within the purview of the statute. The presiding Justice as a matter of law ruled that the deeds were of such a character as to satisfy the statute and ordered judgment for the defendants. The plaintiffs excepted. Exceptions overruled.

The case is stated in the opinion.

*C. B. and E. C. Donworth, and Frank B. Miller,* for plaintiff.

*W. R. Pattangall, and O. H. Dunbar,* for defendants.

SITTING: SPEAR, HANSON, PHILBROOK, MORRILL, WILSON, DEASY, JJ.

DEASY, J. Mixed action, writ dated June 25, 1918.

The land involved is an uncultivated tract in the town of Wesley. The plaintiffs are conceded to have the better record title.

The defendants claim title by adverse possession under R. S., Chap. 110, Sec. 18 which limits to twenty years the beginning of actions for the recovery of uncultivated lands in incorporated places.

In effect it gives title to persons who by themselves or their predecessors have for twenty years or more (1) claimed said lands under recorded deeds (2) paid all taxes assessed thereon, and (3) held such exclusive, peaceable, continuous and adverse possession thereof as comports with the ordinary management of such lands in this State.

No evidence was offered. The facts are agreed upon. A stipulation between the parties, in effect, concedes possession as alleged for more than twenty years with all the elements of possession required by the statute, and expressly admits that all taxes assessed on the demanded premises since 1890 have been paid by the defendants.

The only issue concerns the plaintiff's deeds. From the stipulation and bill of exceptions it appears that the defendants claim title under a chain of three conveyances all duly recorded in Washington County more than twenty years before the beginning of this action, to wit: (1) Tax deed dated Nov. 28, 1864 from Treasurer to Town of Wesley, (admittedly invalid as a conveyance). (2) Release deed of right, title and interest, dated July 25, 1868, from Selectmen of Wesley to John Inglee et al. (3) Release deed of right, title and interest, dated August 4, 1890 from John Inglee et als to defendants.

The plaintiff contends that the instruments above described are not such "recorded deeds" as the statute contemplates. The presiding Justice ruled as a matter of law that the deeds are of the requisite

character to satisfy the statute and ordered judgment for defendants. The plaintiff excepted. The only question submitted is whether the instruments above specified are recorded deeds within the purview of the statute. No question is raised as to the sufficiency of the descriptions.

A release deed of right, title and interest in land "is not a grant of the land itself or of any particular estate in the land." *Hill* v. *Coburn,* 105 Maine, 452. It does not purport "to convey an actual title." R. S., Chap. 78, Sec. 14. Until 1904 when changed by statute a conveyance by such an instrument was subordinate to a prior unrecorded deed. *Hooper* v. *Leavitt,* 109 Maine, 73. Its production does not prove prima facie title. *Tibbetts* v. *Estes,* 52 Maine, 570. *Savage* v. *Holyoke,* 59 Maine, 346. When the adverse character of the occupancy is disputed the form of deed is material. Possession under a warranty deed or even a grant of the land is more consonant with an adverse claim than is a holding under a mere release. In the case at bar however, no question is raised as to the adverse quality of the defendants' possession.

A release deed is subject to the above, and perhaps other infirmities. But it is a deed. Courts so class it. The statute so denominates it. (R. S., Chap. 78, Sec. 20). Men generally so understand it. All definitions of the term include it. It is a legitimate, though humble member of the Deed family. To hold that the word "deed" as used in R. S., Chap. 110, Sec. 18, does not include release deeds would be to interpolate an exception or qualification into the statute, thus invading the province of the Legislature.

But recorded deeds have from the earliest times been relied upon (though not as essential) in establishing possessory titles to cultivated lands. As used they give character to the claim and color of title. It is argued that the Legislature employed the term "recorded deeds" with reference to its time-honored use in the proving of possessory titles to *cultivated* lands and that in providing for the gaining of titles by possession to *uncultivated* lands intended it to have the same meaning, and to be subject to the same qualifications.

If this be true authorities relating to color of title are relevant and many such authorities hold that deeds to give color of title "must purport to convey title."

*Knight* v. *Campbell* (Iowa), 39 N. W., 831; *Hall* v. *Law,* 102 U. S., 466; *Nelson* v. *Davidson,* (Ill.), 43 N. E., 363; *Wood* v. *Conrad,* (S. D.), 50 N. W., 97; 1 Cyc., 1085.

On the other hand there are numerous authorities supporting the proposition that "color of title is anything in writing connected with the title which serves to define the extent of the claim. It is wholly immaterial how imperfect or defective the writing may be, considered as a deed, if it is in writing and defines the extent of the claim it is a sign, semblance or color of title."

*Street* v. *Collier*, (Ga.), 45 S. E., 296; *Aldrich* v. *Griffith*, (Vt.), 29 At., 378; *Safford* v. *Stubbs*, (Ill.), 7 N. E., 655. *McConnell* v. *Street*, 17 Ill., 253.

See also *Hornblower* v. *Banton*, 103 Maine, 377; *Kelley* v. *Jones*, 110 Maine, 363.

The better and more logical opinion would seem to be that a release deed of right, title and interest notwithstanding it is "not a grant of the land itself" is effectual to give color of title. It may not lend strong support to the adverse character of the occupancy when that is called in question but it quite as effectually as even a full warranty deed, "gives boundary to the possession." *Minot* v. *Brooks*, 16 N. H., 376.

Moreover the defendants' claim to the land has been not under the release deeds merely, but under the tax deed, the effect of which is presumably not limited by the words "right, title and interest." A release deed transmits all claim and title whether inchoate or consummate which the releasor possesses. The situation is the same as if the tax deed had run directly to the defendants. According to the weight of authority and we think of reason also, a tax deed though void as a conveyance gives good color of title. Some of the many cases thus holding are collated in 1 Cyc., 1095, and 1 R. C. L., 716.

The plaintiff cites *Lord* v. *Lord*, 12 Maine, 88; *Coe* v. *Persons Unknown*, 43 Maine, 432; *Walker* v. *Lincoln*, 45 Maine, 67; *Stetson* v. *Bangor*, 60 Maine, 313 and *Hall* v. *Coburn*, 105 Maine, 437. In these cases releases were adduced for the purpose of making title by deed. They have little bearing upon the pending case wherein title is claimed not by deed, but by possession.

Our conclusion is that whether the term "recorded deeds" as employed in the statute is to be construed literally or as impliedly qualified so as to include only such recorded deeds as, under established rules give color of title, the entry must be,

*Exceptions overruled.*