HARRIET N. FENDERSON, Ex'x., In Equity

*vs.*

FRANKLIN LIGHT AND POWER COMPANY.

Franklin.   Opinion March 17, 1922.

*Equity practice and procedure under Equity Rule XXVIII.*

On exceptions to a final decree entered by a single Justice after the Law Court has certified its decision upon an appeal or exceptions, it is

*Held:*

1.   That such exceptions, under Equity Rule XXVIII must be taken within ten days from the filing of the decree and they must be filed in the office of the Clerk of Court in the County where the proceedings are pending, within that time.

2.   That the exceptions in this case were not so filed and therefore must be dismissed as a matter of equity practice and procedure.

3.   Disregarding this irregularity the plaintiff could take nothing by these exceptions.   The only question to be determined by the court under this rule at this stage of the proceedings is whether the decree in form accords with the decision and certificate of the Law Court.   If so it is sufficient.   The merits of the controversy are no longer open.

4.   The final decree in this case follows the mandate of the Law Court without attempting to modify, limit or enlarge it and therefore is unobjectionable.

On exceptions.   This is a bill in equity brought under the minority stockholders act, R. S., Chap. 51, Sec. 60 et seq., by plaintiff as a minority stockholder to secure an appraisal of stock standing in the

name of A. L. Fenderson. A hearing was had and the Justice sitting filed his final decree sustaining the bill. The case then went to the Law Court upon appeal and also upon exceptions. By the Law Court the appeal was dismissed but exceptions sustained. A decree was signed and entered by a single Justice in accordance with the certificate and opinion of the Law Court, and plaintiff excepted. Exceptions dismissed with treble costs.

Case is stated in the opinion.

*McLean, Fogg & Southard,* for plaintiff.

*Frank W. Butler,* for defendant.

SITTING: CORNISH, C: J., HANSON, DUNN, MORRILL, WILSON, DEASY, JJ.

CORNISH, C. J. This bill in equity brought under the minority stockholders act, R. S: Chap. 51, Sec. 60 et seq., was duly heard by a sitting Justice who filed his final decree therein, dated June 21, 1920, sustaining the bill. The cause was then carried to the Law Court upon appeal and also upon exceptions to the ruling of the court overruling a motion to dismiss the bill. The decision of the Law Court was rendered on April 16, 1921, dismissing the appeal, but sustaining the exceptions. *Fenderson* v. *Franklin Light and Power Co.,* 120 Maine, 231. The mandate from the Law Court is as follows: "Appeal dismissed. Exceptions sustained. Decree below annulled. New decree to be executed in accordance with this opinion."

On December 15, 1921, a decree was signed and entered by a single Justice in accordance with the certificate and opinion of the Law Court as provided in R. S., Chap. 82, Sec. 22. This decree recited at length the various steps in the procedure, including the mandate of the Law Court, and concludes: "It is therefore in accordance with the said decision of said Law Court, ordered, adjudged and decreed as follows: Bill dismissed, but without costs to either party."

Under Equity Rule XXVIII "When the Law Court has certified its decision upon an appeal or exceptions from a final decree and a decree has been entered therein in accordance with the certificate and opinion of the Law Court, a party aggrieved by the form of such last named decree may. within ten days take exceptions thereto. Such exceptions and the record connected therewith, including a copy of the opinion of the Court, shall be transmitted to the Chief

Justice and be argued in writing on both sides within thirty days thereafter, and they shall be considered and decided by the Justices as soon as may be. If the decision is adverse to the excepting party treble costs may be allowed to the prevailing party."

As a matter of practice and procedure these exceptions are not properly before the court. The rule just quoted requires that they must be taken within ten days from the filing of the decree, that means that they must be filed in the office of the Clerk of Court within ten days. There is no other place where the docket record can be kept so as to show whether the ten-day limitation has been complied with or not. There is no minute or certificate by the Clerk on the exceptions presented to the Law Court showing that they have ever been filed in the Clerk's office. Moreover, the equity docket of Franklin County in this case showed no filing of exceptions up to December 28, 1921. The last entry was: "December 15, A. D. 1921, final decree filed and notice given to McLean, Fogg and Southard." It is only after the exceptions have been filed that they "and the record connected therewith," that is the docket entry showing the filing and the date thereof, can be properly transmitted to the Chief Justice. They are to be transmitted by the clerk after filing, not by counsel without filing.

Therefore these exceptions should be dismissed as irregularly before us.

But it should be added that, disregarding that irregularity, the plaintiff could take nothing by these exceptions. The only question to be determined by the court under this rule and at this stage of the proceedings is the form of the decree. Is its form in accordance with the decision and certificate of the Law Court? Does it effectuate the mandate? If so, it is sufficient. The merits of the controversy and all previous questions are no longer open. The mandate of the Law Court was that the bill be dismissed without costs to either party. That, too, is the language of the decree. The one follows the other. True, the decree also recites the prior steps and to some extent the contentions, but that was unnecessary. It can be regarded as surplusage. It does not affect the force of the final word of dismissal. There is no affirmative relief granted, but a denial of relief. The cause is ended. The decree follows the mandate without

attempting to modify or limit or enlarge it, and therefore is unobjectionable. *Whitney* v. *Johnston*, 99 Maine, 220; *Farnsworth* v. *Whiting*, 106 Maine, 543.

*Exceptions dismissed with treble costs.*