JOSEPH E. HARVEY vs. HAVEN A. ROBERTS.

York. . Opinion October 25, 1923.

*Plaintiff must have either title to, or possession, or right of possession of the property involved, in order to maintain trespass de bonis. An assignee of an action, under the statute, cannot sue in his own name without an assignment in writing. A judgment of a court of competent jurisdiction, in absence of fraud or collusion, cannot, at the instance of a party to it, be impeached collaterally by proof of errors. On report the court can give effect to any contention in defense which is supported by the evidence and could have been pleaded in the action.*

At common law, subject to an exception immaterial in the present case, no action could be assigned so as to give the assignee a right to sue in his own name. The statute which alone gives such right imperatively requires an assignment in writing.

Under Chapter 294 of the Acts of 1917, as amended by Chapter 63 of the Acts of 1921 an automobile used for the illegal transportation of intoxicating liquor may be seized and forfeited.

On report. An action of trespass de bonis against the sheriff of York County whose deputy seized a certain automobile alleged to be used in the illegal transportation of intoxicating liquor, which at the time of seizure was in the possession of its owner, one Walter Chorosky. The automobile was seized, libeled, and ordered forfeited to the county. An appeal was taken and judgment was affirmed. After the judgment of forfeiture was entered, the owner gave to plaintiff a bill of sale of the automobile on which this action was based. Judgment for defendant.

The case is stated fully in the opinion.

*John P. Deering,* for plaintiff.

*Edward S. Titcomb,* for defendant.

SITTING: CORNISH, C. J., HANSON, PHILBROOK, MORRILL, WILSON, DEASY, JJ.

DEASY, J. On report. Action of trespass against the sheriff of York County. The facts relied upon to prove such trespass are

these:—The defendant's deputy seized a certain automobile alleged to be in use in the illegal transportation of intoxicating liquor. At the time of its seizure the automobile was in the possession of its owner, one Walter Chorosky. The owner was convicted of illegal transportation.

The automobile was libeled in a trial Justice Court and ordered forfeited to the county. On appeal the judgment was affirmed. Exceptions were reserved. The mandate of the Law Court was as follows: "Exceptions overruled. Automobile ordered forfeited to the County of York." *State* v. *Automobile, Chorosky claimant,* 122 Maine, 288.

Subsequently to this judgment of forfeiture Chorosky executed a bill of sale of the car to the plaintiff, mainly in consideration of services to be rendered in an effort to retrieve the car or recover its value. Thereupon this action of trespass was brought in the name of the plaintiff. For several reasons, either of which alone would compel the same result, judgment must be rendered for the defendant.

(1) Admittedly the plaintiff at the time of the alleged trespass had neither title to the automobile, nor possession, nor right to possession of it. No trespass was committed and no trespass was alleged or claimed to have been committed upon or against the person or property of the plaintiff.

(2) At common law, subject to an exception having no relation to the present case, no action could be assigned so as to give the assignee a right to sue in his own name. *Davenport,* v. *Woodbridge,* 8 Maine, 18. *Hall* v. *Hall,* 112 Maine, 237.

The right of an assignee to bring suit in his own name depends entirely upon R. S., Chap. 87, Sec. 152. This section imperatively requires an assignment in writing. The action fails because no written assignment, and indeed no oral assignment of the right of action is shown. A bill of sale of a car is of course not equivalent to an assignment of a cause of action for trespass.

(3) A judgment of a court having jurisdiction, no fraud or collusion appearing, cannot, at the instance of a party to it, be impeached collaterally by proof of errors.

This is true of judgments of inferior courts. With at least equal reason is it true of a court of final jurisdiction. *Cunningham* v. *Gushee,* 73 Maine, 422. *Blaisdell* v. *York,* 110 Maine, 509.

(4)   But we perceive no error in this case.   The plaintiff urges that under R. S., Chap. 127, Secs. 30-31 forfeitures can be decreed only when seizure has been made under Section 29, the search and seizure section.   The judgment of forfeiture in this case, however, was not rendered under the above sections but under Chapter 294 of the Acts of 1917 as amended by Chapter 63 of the Acts of 1921. This act authorizes the seizure and forfeiture of automobiles used for the illegal transportation of intoxicating liquor.   For the procedure only reference is made to the Revised Statutes.

The plaintiff argues that the defenses should have been specially pleaded.   Even if this point would otherwise have been valid the report of the case by consent was a waiver of pleadings.   On report "the court can give effect to any contention in defense which is supported by the evidence, and could have been pleaded in the action."   *Martin* v. *Smith,* 102 Maine, 30.

*Judgment for defendant.*