INHABITANTS OF TOWN OF CANTON

*vs.*

LIVERMORE FALLS TRUST COMPANY.

Oxford.    Opinion, January 7, 1939.

*Aretas E. Stearns*, for plaintiff.
*Benjamin Butler*, for defendant.

SITTING: DUNN, C. J., STURGIS, BARNES, THAXTER, HUDSON, MANSER, JJ.

DUNN, C. J.   This case was reported on an agreement of facts. R. S., Chap. 91, Sec. 9.

As of April 1, 1937, taxes were laid against the defendant, by assessors of the town of Canton, on certain lots or parcels of land, some with buildings, there situate. The taxes are unpaid.

By direction of the selectmen, this action to enforce collection was commenced. R. S., Chap. 14, Sec. 64.

The question first to be considered is if, at the date of the listing or assessment of the real estate, defendant had record title thereto. R. S., *supra*, Sec. 30.

There is no occasion to inquire whether defendant had such a title as belongs to a person who in fact has full and unconditional ownership. Of concern here is, if it was proper for the tax assessors to connect the defendant with a record title to the property. His title purported to have been regularly derived, by a quitclaim deed, valid on its face, and recorded in the public registry. The town of Canton lies in Oxford county.

On the eighteenth day of December, 1922, one of the lots of land of 1937 taxation was conveyed to defendant by mortgage, which, on the fifth day of January, 1923, had been duly recorded.

The other lots also were conveyed to defendant by mortgage. This mortgage is dated May 10, 1927; it was recorded May 19, 1927.

That the mortgagee never had actual seizin or possession of the mortgaged lands, or any of them, seems to be conceded. The mortgagors were, therefore, taxable. R. S., Chap. 13, Sec. 9.

In 1933, the mortgagors were taxed, respectively.

Neither paid his taxes.

The tax collector, seasonably invoking the provisions of P. L. 1933, Chap. 244, as amended by P. L. 1937, Chap. 136, left in

service with the respective mortgagors, in reference to his owner-ship, written and officially signed notice, in the case of every lot, describing it, and stating, among other things, the extent of tax delinquency; each notice set forth a tax lien, and demanded that, within ten days, discharging payment be made.

The demands were ignored.

The collector, in intended compliance with the terms of the amended act, (of latest citation,) filed certificates in the registry of deeds. He lodged copies with the town treasurer; he mailed, under cover of prepaid and registered mail, still other copies, to the mortgagors, each for himself, and not one for the other.

The act of 1933 provides:

"Sec. 2. Filing of certificate to create mortgage. The filing of the certificate, provided for in section 1, in the registry of deeds as aforesaid shall be deemed to create and shall create a mortgage on said real estate to the town in which the real estate is situated having priority over all other mortgages, liens, attachments and encumbrances of any nature, and shall give to said town all the rights usually incident to a mortgagee, except that the mortgagee shall not have any right of posses-sion of said real estate until the right of redemption herein provided for shall have expired.

"Sec. 3. Foreclosure provisions. If said mortgage, to-gether with interest and costs, shall not be paid within 18 months after the date of the filing of said certificate in the registry of deeds as herein provided, the said mortgage shall be deemed to have been foreclosed and the right of redemption to have expired.

"Sec. 4. Notice. The filing of said certificate in said regis-try of deeds shall be sufficient notice of the existence of the mortgage herein provided for."

On the nineteenth day of May, 1936, the town of Canton, through the medium of its selectmen, who had been, by a vote of the town, invested with power so to do, did "remise, release, bargain, sell and convey, and forever quit-claim unto said Livermore Falls Trust Company . . . . the following described real estate . . . ." (all the lots, admittedly).

In the deed, following the general description of the granted premises, and before the habendum, there are recitals, in effect, that the conveyance of the several different lots is with purpose to release or annul the tax lien certificates.

A grantor cannot destroy his own grant; having once granted an estate in his deed, no subsequent clause even in the deed itself can operate to nullify it. *Maker* v. *Lazell*, 83 Me., 562, 22 A., 474; *Shepherd Company* v. *Shibles*, 100 Me., 314, 61 A., 700.

The words in the deed to the defendant, relative to cancelling tax lien certificates, do not modify the prior grant. *Maker* v. *Lazell*, supra; *Shepherd Company* v. *Shibles*, supra. Indeed, on the part of the individual tax debtors, themselves, any right to redeem could not have then been asserted; the time had gone. On the theory of the statute, the town was now owner, absolutely.

The deed, plaintiff town to defendant bank, was recorded on the twenty-first day of May, 1936; this at the instance of the grantee.

A quitclaim deed, whatever may have been its office at common law, is, in virtue of declaratory legislation, a suitable instrument for the conveyance of real property. R. S., Chap. 87, Sec. 20; *Abbott* v. *Chase*, 75 Me., 83, 90. A deed of quitclaim gives to the grantee a record title. *Connolley, Petr.*, 168 Mass., 201, 46 N. E., 618. See, too, *Tibbetts* v. *Holway*, 119 Me., 90, 109 A., 382.

As a general rule, assessors, in laying assessments, may, on the showing of a formally sufficient recorded deed, even a tax deed, and without reference to anything else, treat the holder as the record owner of the realty. Cooley on Taxation, (3rd ed.) Vol. 1, page 732; *Roberts* v. *Welsh*, 192 Mass., 278, 78 N. E., 408; *Rogers* v. *Lynn*, 200 Mass., 354, 86 N. E., 889; *Solis* v. *Williams*, 205 Mass., 350, 353, 91 N. E., 148; *Conners* v. *Lowell*, 209 Mass., 111, 121, 95 N. E., 412.

The statute (R. S., Chap. 14, Sec. 30,) making the owner of a record title to real estate assessable, does not include an obligation of the assessors to make a further examination of the record. *Conners* v. *Lowell*, supra; *French* v. *Spalding*, 61 N. H., 395.

Counsel for defendant strenuously claims that the tax certificate statute (P. L. 1933, Chap. 244, as amended), transcends constitutional provisions, both State and Federal. Constitution of Maine, Art. 1; Constitution of United States, Amendment 14.

He argues, on his brief, that the statute makes a practical confiscation of property; that there is deprivation without due process. It is not competent, is stress, for the law-making department of government to vest in the taxing town, on non-payment of taxes, an outright and indefeasible title to real estate, unless the owner shall first have been afforded opportunity to appear and be heard, before some tribunal or board empowered to grant relief, and advance any defenses he may have, going to the legality of the tax, or the liability of his estate therefor. So is contention.

The argument of unconstitutionality does not reach this case, because the statute does not affect it.

The defendant cannot be injured, but obviously may be benefited by the statute. On it, as a foundation, rests the deed from the town; that deed, defendant, as grantee, accepted, recorded, and retains. The transaction was in good faith, entirely.

One who would strike down a statute as unconstitutional, must show that it affects him injuriously, and actually deprives him of a constitutional right. Headnote: *Southern Railway Company* v. *King*, 217 U. S., 524, 54 Law ed., 868, 30 S. Ct., 594.

"He who is not injured by the operation of a law . . . . cannot be said to be deprived by it of either constitutional right or of property." *Cusack Company* v. *Chicago*, 242 U. S., 526, 61 Law ed., 472, 37 S. Ct., 190. See *Chapman* v. *Portland*, 131 Me., 242, 160 A., 913.

The recorded deed was, on the facts agreed, effectual to invest a record title to the real estate it described, and ostensibly at least, conveyed.

The case is remitted. On the authority of a stipulation in the report, judgment should go for plaintiffs; the amount $171.00, with taxable costs.

*It is so ordered.*