INHABITANTS OF THE TOWN OF LINCOLNVILLE
*vs.*
CHARLES A. PERRY

Waldo.  Opinion, April 1, 1954.

*Harmon & Nichols*, for Plaintiff.

*Frank F. Harding,*
*C. A. Perry*, for Defendant.

SITTING: MERRILL, C. J., THAXTER, WILLIAMSON, TIRRELL, WEBBER, JJ. FELLOWS, J., did not sit.

WEBBER, J. This was a writ of entry to try title in real estate claimed by plaintiff, Town of Lincolnville, by virtue of its foreclosure of a statutory tax lien mortgage under the provisions of R. S., 1944, Chap. 81, Secs. 97 and 98 as amended. On May 16, 1951, a date which was more than eight months and less than one year after the tax was com-

mitted to the tax collector, that officer filed and caused to be duly recorded the tax lien certificate in the manner pre-scribed by statute. Unless sooner redeemed, the mortgage thereby created would ripen into title by virtue of auto-matic statutory foreclosure on November 16, 1952, eighteen months after recording. *Town of Warren* v. *Norwood*, 138 Me. 180. See *Scavone* v. *Davis*, 142 Me. 45. In July, 1952, however, defendant taxpayer brought a bill in equity against plaintiff town and its selectmen, in essence attack-ing the validity of this tax lien. (Other matters raised by the bill are not here involved.) As a preliminary to the permanent relief sought, the taxpayer asked and received an *ex parte* restraining order on July 25, 1952, which con-tinued in force until dissolved by the court September 4, 1953. The restraining order was as follows:

> "And it is further ordered that in the meantime, until further order of this court, that said defend-ants, its agents, employees, attorneys, Malcolm E. Joy, Allen M. Morton, and Raymond Miller, in their official capacity as aforesaid be restrained from acquiring title, conveying or alienating said property as prayed for in plaintiff's bill."

On the date of the restraining order, July 25, 1952, the re-demption period had yet to run for three months and twenty-two days before expiration. On September 10, 1953, immediately after final determination of the cause in equity, plaintiff brought this action at law. At the trial, plaintiff town introduced over objection the original tax lien certificate. Defendant stipulated and agreed that the writing offered was a tax mortgage lien certificate, that it had been duly signed by the collector and recorded by him on the date and in the book and page which the writing re-cited. Defendant objected to the admission of the docu-ment solely on the ground that plaintiff was first required to lay a foundation by proving the proper steps in the tax procedure. Upon an adverse ruling, defendant noted his

exception. This exception is readily disposed of by reference to P. L., 1945, Chap. 274, Sec. 1 (amending R. S., 1944, Chap. 81, Sec. 98), which provides in part:

> "The mortgage shall be prima facie evidence in all courts in all proceedings by and against the town, its successors and assigns, of the truth of the statements therein and after the period of redemption has expired, of the title of the town to the real estate therein described, and of the regularity and validity of · all proceedings with reference to the acquisition of title by such mortgage and the foreclosure thereof."

The authenticity and materiality of the certificate were shown by the document itself and the stipulations of defendant concerning it. It may be noted in passing that the validity of the tax lien had been sustained by us in *Perry et al.* v. *Inhabs. of Lincolnville,* 149 Me. 173. The ground advanced for its exclusion was without merit and defendant takes nothing by this exception.

Defendant places primary reliance, however, upon the effect of the restraining order upon the redemption period. He argues in substance that the restraining order tolled the statute providing for a redemption period of eighteen months, interrupted the operation of foreclosure, with the result that on September 10, 1953, when this action was brought, foreclosure was not complete and defendant still had a period of over three months during which he might redeem. In directing a verdict for the plaintiff, the presiding justice necessarily held otherwise, and defendant's exceptions raise the issue.

What then was the effect of the restraining order? An injunction has been well described as a judicial process whereby a party is required to do or refrain from doing a particular thing. Under our practice, a restraining order is a form of injunction issued *ex parte* for the purpose of restraining the defendant for what should be a very brief

period pending notice and hearing on an application for a temporary injunction. Whitehouse, Equity Practice (Ed. 1900), Chap. 27, Secs. 561 and 571. The purpose is to maintain the status quo until hearing may be had. Both injunction and restraining order necessarily operate only *in personam*. Pomeroy's Equity Jurisprudence (Fifth Ed.), Vol. 4, Page 974, Sec. 1360; Words & Phrases, Vol. 21, Page 394 (Injunction) ; 28 Am. Jur. 199, Sec. 4. One may, under proper circumstances, procure an order enjoining parties from proceeding with litigation, or in another case enjoining the enforcement of law. But in the first instance, it is the party litigant who is enjoined rather than the litigation, and in the second instance it is the enforcing officer who is enjoined rather than the law which he would enforce. But in the case before us, *no acts of persons* were involved after the restraining order issued. Once the tax mortgage had been duly filed and recorded, the period of redemption began inexorably to run and no further act of any town official was required to bring title to fruition. It was then for the defendant to act, rather than the town officers.

The law applicable to the statutory period of redemption of ordinary mortgages of real estate seems equally applicable here. In *McPherson* v. *Hayward,* 81 Me. 329, at 336, we said, ' "The duration of the mortgagor's right to redeem is clearly defined by law, and one the court cannot abridge, *or enlarge,* by a single day." ' (Emphasis supplied). The McPherson case was followed in *Carll* v. *Kerr,* 111 Me. 365, in which the question was asked and answered at page 369 in these words, "Has this court in equity power, under the circumstances in this case, to extend the time (for redemption) thus fixed by statute? We think not." In the Carll case, we cited with approval *Cameron* v. *Adams,* 31 Mich. 426, and quoted the following from that case at page 370 of our opinion, "Courts of equity have large powers for

relief against the consequences of inevitable accident in private dealings, and may doubtless control their own process and decrees to that end. But we think there is no such power to relieve against statutory forfeitures. Where a valid legislative act has determined the conditions on which rights shall vest or be forfeited, and there has been no fraud in conducting the legal measures, no court can interpose conditions or qualifications in violation of the statute. The parties have a right to stand upon the terms of the law. This principle has not been open to controversy, and is familiar and elementary." In *Fenderson* v. *Fenderson,* 116 Me. 362 at 366, it was again said, " 'The time in which a mortgage may be redeemed is clearly fixed by statute and the court cannot enlarge it.' That is now the well nigh universal rule and this court has not varied in following it." We further pointed out that while the court cannot enlarge the time for redemption, the parties may do so; or a party may by acts or words amounting to fraud be estopped to deny that he has enlarged the time. But such an issue is not presented here. We are dealing not with the acts of parties or their failures to act, but only with the effect of a restraining order issued by the court. Nor could an estoppel be raised against a town in the exercise of its taxing power in any event. *Dolloff* v. *Gardiner,* 148 Me. 176.

As we read the language of the restraining order, which sounds *"in personam,"* we find no indication that the court sought or intended to toll the statute fixing the redemption period for tax lien mortgages, but in any event the restraining order did not have the effect of suspending the operation of the statute or of enlarging the redemption period by a single day. It was open to the defendant to pay under protest in redemption of the mortgage and then await the outcome of his action, then pending, testing the validity of the tax lien. By permitting the foreclosure to ripen into title, defendant was left without defense to the present ac-

tion. "The time had gone. On the theory of the statute, the town was now owner, absolutely." *Inhabs. of Canton* v. *Trust Co.,* 136 Me. 103; *Dolloff* v. *Gardiner, supra.*

Defendant argues that there has been thus far no proper decree finally disposing of the cause in equity which was before us in *Perry et al.* v. *Inhabs. of Lincolnville, supra.* When our mandate was filed, it provided, "Ordered: Appeal dismissed, decree below affirmed, remanded to court below for decree dismissing bill." Thereafter (and defendant asserts without notice to him), a final decree below was signed and filed providing, "This cause came on to be heard this day and thereupon upon consideration thereof it is ordered, adjudged and decreed, that the plaintiff's bill be dismissed with costs to the defendants and without extended record. Execution for costs to issue." Defendant complains first as to the alleged lack of notice to him, and second as to an omission *in the decree* to "affirm the decree below." We have examined the record carefully and we find therein no support for the assertion by defendant that no notice was given of the filing of final decree. Moreover, it is not open to the defendant here to attack the decree collaterally in this proceeding. "A judgment of a court having jurisdiction, no fraud or collusion appearing, cannot, at the instance of a party to it, be impeached collaterally by proof of errors." *Harvey* v. *Roberts,* 123 Me. 174. " 'If the court in which the proceedings took place had jurisdiction to render the judgment which it did, no error in its proceedings which did not affect the jurisdiction will render the proceedings void, nor can such error be considered when the judgment is brought collaterally into question.' " *Crockett* v. *Borgerson,* 129 Me. 395.

It may be noted, however, that the application of the rules which insist upon an affirmative demonstration of error apparent upon the record and which prevent such a collateral attack upon a final decree as is attempted here,

works no hardship on this defendant. If he had taken exceptions seasonably, such exceptions would have been limited to the *form* of the decree by the express provisions of the third paragraph of Equity Rule 28. "Is its form in accordance with the decision and certificate of the Law Court? Does it effectuate the mandate? If so, it is sufficient." *Fenderson* v. *Power Co.*, 121 Me. 213. Here the form did effectuate the mandate and was sufficient. Exceptions, if taken, would have availed defendant nothing. It would have been a meaningless absurdity for the decree to have contained the words "Decree below affirmed." That was the language of the Law Court to be obeyed, not meaninglessly parroted. The "decree below" which was affirmed was a *decree dismissing the bill. Perry et al.* v. *Inhabs. of Lincolnville, supra.* The final decree pursuant to our mandate stands, and as it stands, it effectively dissolved the restraining order.

Defendant also argues that the tax mortgage statutes in question are unconstitutional. It is enough to say that they were declared constitutional as to resident tax payers in *Town of Warren* v. *Norwood, supra.*

Other points argued by defendant are not pertinent to any issues raised by the record before us and require no discussion here. There is no evidence before us which tends to contradict the plaintiff's proof of title declared upon in its writ. Viewing the evidence in the light most favorable to defendant, only one verdict was possible. "A presiding justice at *nisi prius* is authorized to direct a verdict for either party in any civil case when a contrary verdict could not be sustained by the evidence." *Johnson* v. *Terminal Co.*, 131 Me. 311; *Lander* v. *Sears, Roebuck & Co.*, 141 Me. 422.

*Exceptions overruled.*

FELLOWS, J., did not participate in the opinion.