**Clifford F. MORISSETTE and
Lionel Morissette**

v.

**Dana F. CONNORS and City of
Presque Isle.**

Supreme Judicial Court of Maine.

Jan. 22, 1976.

Daviau & Daviau by Robert J. Daviau, Waterville, for plaintiffs.

Phillips, Olore & Walker by John C. Walker, Hugo A. Olore, Jr., Presque Isle, for defendants.

Before DUFRESNE, C. J., and WEATHERBEE, POMEROY, WERNICK, ARCHIBALD, and DELAHANTY, JJ.

POMEROY, Justice.

This case might well be known as "The Case of the Mistaken Major Premise."

The major premise on which the plaintiffs have proceeded is that they were somehow to be considered "taxpayers" in the incident which spawned the lawsuit. The Justice of the Superior Court before whom the action was presented on stipulated facts found, among other things, that the plaintiffs were not taxpayers and thus lacked standing to raise some of the issues posed in the proceedings before him.

The entry of a judgment for the defendants was seasonably followed by this appeal.

We deny the appeal.

Morissette Warehouse, Inc. was a corporation which, in 1964, owned real property located in Presque Isle, Maine. As a result of the failure of the corporation to pay the real estate tax assessed by the City of Presque Isle within the allotted time, the City of Presque Isle, acting in accordance with 36 M.R.S.A. 942, et seq., filed a lien certificate on May 22, 1964.

Such certificate was recorded in the appropriate Registry of Deeds.

The corporation was thereupon notified in writing that it had eighteen months to redeem its property.

In June 1965 the city filed another tax lien certificate, this one with a redemption expiration date of October 1967.

Both the November 1965 and the October 1967 dates passed with no tax payment forthcoming from the taxpayer, Morissette Warehouse, Inc.

In December 1964 Morissette Warehouse, Inc. mortgaged its property to Kane Financial Corporation. Subsequently, Kane commenced foreclosure proceedings on its mortgage. In September 1967 an agreement was reached whereby Kane consented to the transfer of all its interest in the Morissette corporation property to a trustee [1] in exchange for the payment of $41,000 before January 1968.

At about this same time the plaintiffs (who were apparently related to Adrienne and Mathias Morissette but acting for themselves) began negotiations with representatives of the defendant City of Presque Isle for the purpose of purchasing the former Morissette Warehouse, Inc. property from the city.

The city set a purchase price of $15,493.49 made up, the city agrees, as follows: $10,572.41 representing the amount of the tax assessed against the Morissette Warehouse, Inc. property and interest thereon, and $4,921.08 which represented the amount of unpaid taxes assessed against personal property owned by the appellants' brothers.

Appellants paid the sum in question, and title to the property was transferred to them by the city. Appellants claim entitlement to the return of the $4,921.08 which they say they paid under protest.

Plaintiffs' claims are (a) the payment of the $4,921.08 was coerced because the city had forced them to pay more than the tax due from the Morissette Warehouse, Inc. plus interest and costs in order to "redeem" the property and (b) 36 M.R.S.A. 942 is unconstitutional insofar as it allows the city to retain for its own use the surplus received in excess of taxes, interest, and lien costs when the sale of city-acquired property yields an amount greater than the total tax debt due the city.

All the arguments made before the Justice below and before this Court were made as if these plaintiffs were the taxpayers whose property was taken by the tax lien certificate process. (36 M.R.S.A. 942)

■ What must be kept in mind in resolving the issue between the parties now before us is that the present plaintiffs were not the taxpayers against whose property the tax lien certificate was filed. The property against which the tax was assessed, which property later became the subject of the tax lien certificate, was that of Morissette Warehouse, Inc., a corporation.

■ The express language of the statute (36 M.R.S.A. 942) and the case law [*City*

1. Apparently, the trustee was acting as such for Mathias Morissette and Adrienne Morissette who were the stockholders of Morissette Warehouse, Inc. The record is silent as to what occasioned the appointment of a trustee.

of *Auburn v. Mandarelli*, Me., 320 A.2d 22 (1974); *Martel v. Bearce*, Me., 311 A.2d 540 (1973); *Inhabitants of Canton v. Livermore Falls Trust Company*, 136 Me. 103, 3 A.2d 429 (1939)] establish without question that after the filing of the tax lien certificate and notice properly given thereon and the passage of eighteen months' time, during which the taxes remain unpaid, complete record title to the property is placed in the municipality. The former owner's right of redemption and in fact his title are extinguished.

The status of the plaintiffs in this transaction was that of purchasers of property from the city which had lawfully acquired full title thereto. The plaintiffs had no more rights in the property than any other stranger.

The city had the absolute and untrammeled right, as the seller of the property to which it had complete title, to charge any prospective purchaser whatever price for the property it chose. The mere fact that the city, in establishing its selling price, determined upon a price which was equal to the tax which had been unpaid on the property it was selling, i.e., Morissette Warehouse, Inc. property and the amount of personal property tax due and unpaid from other Morissettes, does not alter its right to sell the property for whatever price it saw fit.

We are asked to overrule *City of Auburn v. Mandarelli, supra.* We consider further discussion of *Mandarelli* at this time inappropriate because these plaintiffs have no standing to raise the issues they present. *Look v. State,* Me., 267 A.2d 907 (1970); *Associated Hospital Service v. Mahoney,* 161 Me. 391, 213 A.2d 712 (1965); *Inhabitants of Canton v. Livermore Falls Trust Company, supra.*

Having agreed to purchase the property from the city for the offered price and having paid same, appellants were in no way aggrieved by the failure of the city to account for the surplus to the defaulting taxpayer.

The judgment entered in the court below (judgment for defendants) was one compelled by the circumstances of the case.

The entry must be:

Appeal denied.

All Justices concurring.