**David Lee KOPLOW**

v.

**CITY OF BIDDEFORD.**

Supreme Judicial Court of Maine.

Argued March 12, 1985.

Decided June 20, 1985.

David Lee Koplow (orally), pro se.

Caron, Ayotte & Sullivan, Ronald G. Caron, Virginia DeFede-Cove (orally), Saco, for defendants.

Before McKUSICK, C.J., and NICHOLS, VIOLETTE, WATHEN, GLASSMAN, and SCOLNIK, JJ.

VIOLETTE, Justice.

David Koplow appeals from a decision of the Superior Court, York County, denying his motion for a temporary restraining order to prevent the City of Biddeford from impounding Koplow's dogs because they were not leashed or tagged. Since we find that the trial court was without jurisdiction to hear the case, we vacate the denial of the motion and remand for dismissal.

David Koplow is a resident of Biddeford. He owns a family of eight dogs: Butchie; Favorite; I Like You, I Like You, I Like You (Pumkin); Sammy; Sally; Annie; Claribell; and You Too. On December 15, 1983, Koplow was stopped by an officer of the Biddeford Police Department on Alfred Road in Biddeford as he walked with his eight unleashed and untagged dogs. He was cited for obstructing traffic in violation of 17–A M.R.S.A. § 505 (1983) and for four violations of the Biddeford Ordinance: unleashed dogs, untagged dogs, dogs unlicensed in the City of Biddeford, and possession of more than three dogs allowed to a single owner within the City limits.

Koplow, appearing *pro se*, sought a temporary restraining order in the Superior Court, York County, on April 10, 1984, seeking to restrain the City of Biddeford from impounding his dogs for the violation of the Biddeford Code after he was apparently informed by the City that his dogs would be impounded if he continued to refuse to leash and tag them. On April 13, 1984, the court ordered that the City be restrained from impounding the dogs because they were unlicensed in Biddeford and because Koplow owned more than three dogs within the City limits but denied the motion for a temporary restraining order to prevent the impoundment of Koplow's dogs because they were not leashed and not tagged. Koplow appeals from this denial.

■ In this case, Koplow has only filed a motion for temporary restraining order and an affidavit. Neither of these documents can be held to be a complaint under M.R.Civ.P. 3; which prescribes the

method for commencing an action. It provides that, except as otherwise provided in the rules, a civil action is commenced either by the service of a summons and complaint or by filing a complaint with the court. The rules do not provide another method by which an action for injunctive relief can be commenced and Koplow has followed neither of the methods set forth in Rule 3. The purpose of a restraining order is to provide an ancillary remedy preserving the status quo pending a hearing on the merits of a complaint for injunction. *Lincolnville v. Perry*, 150 Me. 113, 116, 104 A.2d 884 (1954); 11 *Wright & Miller* § 2951. We hold, in agreement with various other jurisdictions, that the court does not have jurisdiction to issue a temporary restraining order without the existence of an underlying action. *See, e.g., Smith v. Spitzenberger*, 363 N.W.2d 470 (Minn.1985); *Long Prairie Packing Co. v. United National Bank, Souix Falls*, 338 N.W.2d 838 (S.D. 1983); *Carolina Freight Car Corp. v. Local Union #61*, 11 N.C.App. 159, 180 S.E.2d 461, 463 (1971); *see also, Lynch v. Snepp*, 350 F.Supp. 1134, 1140 (W.D.N.C. 1972). Since no underlying action had been filed, the Superior Court was without jurisdiction to hear the motion and the case must be dismissed.

The entry is:

Remanded to the Superior Court for entry of an order dismissing the motion for a temporary restraining order.

All concurring.