An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

|  |  |
|---|---|
| UBER TECHNOLOGIES, INC.; AND RASIER, LLC, Petitioners, vs. THE SECOND JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA, IN AND FOR THE COUNTY OF WASHOE; AND THE HONORABLE SCOTT N. FREEMAN, DISTRICT JUDGE, Respondents, and NEVADA TRANSPORTATION AUTHORITY; BELL LIMO; AND WHITTLESEA CHECKER TAXI. Real Parties in Interest. | No. 66875 **FILED** NOV 2 4 2014 TRACIE K. LINDEMAN CLERK OF SUPREME COURT BY_____ DEPUTY CLERK |

*ORDER DENYING EMERGENCY PETITION FOR WRIT OF MANDAMUS OR PROHIBITION*

This emergency petition for a writ of mandamus or prohibition challenges the district court's order denying a request to dismiss or stay the proceedings in a licensing action.

A writ of mandamus is an extraordinary remedy available to compel the performance of an act that the law requires as a duty resulting from an office, trust, or station, or to control an arbitrary or capricious exercise of discretion. NRS 34.160; *Int'l Game Tech., Inc. v. Second Judicial Dist. Court*, 124 Nev. 193, 197, 179 P.3d 556, 558 (2008). A writ

14-38696

of prohibition may issue to arrest the proceedings of a district court exercising its judicial functions when such proceedings are in excess of the district court's jurisdiction. *See* NRS 34.320; *Smith v. Eighth Judicial Dist. Court*, 107 Nev. 674, 677, 818 P.2d 849, 851 (1991). Whether a petition for writ relief will be considered is within this court's sole discretion, *Smith*, 107 Nev. at 677, 818 P.2d at 851, and it is petitioners' burden to demonstrate that our extraordinary intervention is warranted. *Pan v. Eighth Judicial Dist. Court*, 120 Nev. 222, 228, 88 P.3d 840, 844 (2004).

Having considered the parties' arguments and the documents before this court, we conclude that writ relief is not warranted. Specifically, it appears that real party in interest Nevada Transportation Authority (NTA) filed its complaint below in the Second Judicial District Court on October 27, 2014, one day before NTA filed its complaint in the Eighth Judicial District Court on October 28, 2014. The two actions are substantially similar in that NTA is seeking to enjoin petitioners from engaging in their "ride-sharing" business without certain certificates and licenses. In the "Order After Hearing," Judge Freeman concluded that the complaint in the Second Judicial District Court was filed first, and therefore jurisdiction was proper to hear the merits of the complaint.

The first-to-file rule provides that "where substantially identical actions are proceeding in different courts, the court of the later-filed action should defer to the jurisdiction of the court of the first-filed action by either dismissing, staying, or transferring the later-filed suit." *SAES Getters S.p.A. v. Aeronex, Inc.*, 219 F. Supp. 2d 1081, 1089 (S.D. Cal. 2002); *see also Inherent.com v. Martindale-Hubbell*, 420 F. Supp. 2d 1093,

1097 (N.D. Cal. 2006) (explaining that the two actions need not be identical, only substantially similar). The first-to-file rule is "not a rigid or inflexible rule to be mechanically applied," but is a matter of sound judicial administration and its application is left to the discretion of the trial court. *Pacesetter Sys., Inc. v. Medtronic, Inc.*, 678 F.2d 93, 94-95 (9th Cir. 1982) (explaining that declining jurisdiction based on the first-to-file rule is discretionary, not mandatory, with the trial court).

NRCP 3 provides that "[a] civil action is commenced by filing a complaint with the court." Although NTA filed its application for a temporary restraining order or preliminary injunction in the Eighth Judicial District Court before it sought the same relief in the Second Judicial District Court, it is the filing of the complaint that commences an action. NRCP 3; *Koplow v. City of Biddeford*, 494 A.2d 175, 176 (Me. 1985) (holding that the trial court lacks jurisdiction to enter a temporary restraining order without the existence of an underlying action that was commenced by the filing of a complaint). Both Judge Herndon and petitioners correctly acknowledged this rule in the October 29, 2014, hearing in Eighth Judicial District Court Case No. A-14-709002-C.[1] Our

---

[1]The transcript of that hearing is contained in petitioners' appendix. At that hearing, petitioners' counsel acknowledged that "[a]n action is commenced by the filing of a complaint under Rule 3," that counsel "[doesn't] think they are properly [before the court]," and that the failure to file the complaint before requesting the temporary restraining order was a "procedural and fatal defect." Thus, we question petitioners' apparent contradictory argument here that the Eighth Judicial District Court action was filed first. *See Marcuse v. Del Webb Cmtys., Inc.*, 123 Nev. 278, 287-88, 163 P.3d 462, 468-69 (2007) (explaining the doctrine of judicial estoppel).

dissenting colleague concludes that the first-to-file rule may be triggered by filings other than the complaint. We do not agree. *Schlesinger v. Councilman*, 420 U.S. 738 (1975), does not address our specific procedural rule that clearly states that a civil action is commenced by the filing of the complaint. *See* NRCP 3. Furthermore, the court in *Schlesinger* was addressing the trial court's jurisdiction, which is not at issue here, and made its remarks in a footnote, which we do not find persuasive. *Schlesinger*, 420 U.S. at 742 n.5; *see also Kirkland v. Legion Ins. Co.*, 343 F.3d 1135, 1142 (9th Cir. 2003) (addressing the trial court's jurisdiction to hear a dispute). Therefore, we conclude that, whether on the basis that the Second Judicial District Court complaint was filed first or due to the exercise of his discretion, Judge Freeman in the Second Judicial District Court did not exceed his jurisdiction and was not required by law to dismiss or stay the proceedings in deference to the Eighth Judicial District Court.

Petitioners also contend that NTA is engaging in forum shopping. Forum shopping is "[t]he practice of choosing the most favorable jurisdiction or court in which a claim might be heard." *Black's Law Dictionary* 681 (8th ed. 2004). Although NTA's failure to follow the relevant procedural rules demonstrates an inept effort to commence its case, petitioners' contention that NTA is engaging in such behavior impunes the neutrality of the three district court judges involved in the dispute between the parties, and nothing in the record supports that contention.

For the reasons explained above, we deny the petition.[2] *See Smith*, 107 Nev. at 677, 818 P.2d at 853.

It is so ORDERED.

_____, J.
Hardesty

_____, J.
Douglas

CHERRY, J., dissenting:

I believe this matter should be decided by the en banc court, and not a panel of justices. This petition raises an important issue of statewide concern regarding litigant practices and the appropriate forum to hear disputes when essentially the same matter is filed in multiple district courts.

I further dissent in this case because I would grant the writ petition. The action in the Eighth Judicial District Court was clearly filed first. I disagree with the majority that the first-to-file rule is triggered only by the filing of the complaint. Although NRCP 3 provides that "[a] civil action is commenced by filing a complaint with the court," there were significant procedural mistakes made below that warrant an exception to this general rule. In *Schlesinger v. Councilman*, the United States

---

[2]Despite the disposition of this petition, we do not condone the NTA's procedural errors made below.

Supreme Court noted that where the court has subject matter jurisdiction and that jurisdiction appears to exist from the papers filed, a defect in the manner in which the action was instituted and processed is not itself jurisdictional. 420 U.S. 738, 742 n.5 (1975). And in *Kirkland v. Legion Insurance Co.*, the court explained that the "[f]ailure to file a complaint is not necessarily fatal to the action," so long as the filings made were adequate to apprise the defendant of the nature of the claim and the relief sought. 343 F.3d 1135, 1142 (9th Cir. 2003).

When NTA first filed its application for a temporary restraining order or preliminary injunction in the Eighth Judicial District Court, the clerk docketed the matter and assigned it a case number. Although NTA's complaint was filed a few days later, the Eighth Judicial District Court considered NTA's procedural error and allowed the case to proceed. NTA cannot now argue that the Eighth Judicial District Court case was not filed first. Notably, nothing in the majority's order prevents the judge in the Eighth Judicial District Court from continuing to litigate this matter. At the very least, the best practice in this case would have been for the two judges involved to meet and confer and to exercise their discretion and wisdom under the first-to-file rule's policy of sound judicial administration, and determine who should hear this high-profile litigation.

Additionally, NTA's filing of another request for relief and complaint in the Second Judicial District Court after the matter was already docketed in the Eighth Judicial District Court gives an appearance of improper forum shopping. By denying this petition, the majority may very well encourage such behavior in future matters in our

district courts, which I cannot condone. Therefore, I would grant the petition. For these reasons, I respectfully dissent.

_____ , J.
Cherry

cc:    Hon. Scott N. Freeman
       Campbell & Williams
       Pisanelli Bice, PLLC
       Attorney General/Carson City
       Attorney General/Las Vegas
       Washoe District Court Clerk